UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL RAY EDWARDS,<br><br>Petitioner,<br><br>v.<br><br>B. DUFFY, Warden,<br><br>Respondent. | No. 2:15-cv-1234 KJN P<br><br><br><br>ORDER |

Petitioner is a state prisoner, proceeding without counsel. On June 10, 2015, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis. Petitioner consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a). The court must now determine if the action is frivolous or malicious.

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it

appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Pursuant to a plea agreement, petitioner was convicted of second degree murder and aiding and abetting on April 24, 1991, in the Superior Court of Los Angeles, California.  Petitioner was sentenced to fifteen years to life in state prison.

Petitioner appears to argue that his sentence violates his plea agreement, that the abstract of judgment is void, and that the sentence imposed is void. (ECF No. 1 at 9, 14, 20.)  To the extent petitioner challenges his conviction or the sentence imposed thereon, he must file his petition for writ of habeas corpus in the United States District Court for the Central District of California because he was convicted in Los Angeles, California.  It is not clear that petitioner is challenging his underlying conviction of the imposition of his sentence; thus, the undersigned declines to transfer this action to the Central District.  In addition, given the date of conviction, 1991, it is likely that any such challenge would be barred by the statute of limitations.  28 U.S.C. § 2244(d)(1).

Moreover, petitioner also appears to argue that the execution of his sentence is improper, that he is entitled to a determinate sentence, and he references the Board of Parole Hearings ("BPH"), the BPH's alleged "no parole policy," and Marsy's Law.  The instant petition was filed with the court on June 10, 2015.  The court's own records reveal that on January 8, 2015, petitioner filed a petition containing challenges to the BPH, including his claims that he is allegedly entitled to determinate sentence, that his sentence is void and violates the ex post facto clause and the bill of attainder, and includes his reference to Marsy's Law.  (Case No. 2:15-cv-0055 DAD.)[1]  The respondents named here are also named in Case No. 2:15-cv-0055 DAD.  Petitioner does not challenge a specific parole hearing in either Case No. 2:15-cv-0055 DAD or the instant action.

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1     Petitioner cannot pursue the same sentencing claims in two different cases at the same
2 time. See Woods v. Carey, 525 F.3d 886, 888-90 (9th Cir. 2008) (where second petition raised
3 new claims, district court should construe petition as motion to amend).  Here, because
4 petitioner's claims appear to duplicate his arguments in Case No. 2:15-cv-0055 DAD, the
5 undersigned declines to construe the instant petition as a motion to amend.  If petitioner has
6 additional claims he would like to raise, he must seek leave to amend in Case No. 2:15-cv-0055
7 DAD.  Due to the duplicative nature of the instant claims, the court finds them frivolous and will
8 summarily dismiss them.  28 U.S.C. § 1915(d).

    In light of the above, petitioner's motion for hearing is denied.

    Accordingly, IT IS HEREBY ORDERED that:

    1. Petitioner is granted leave to proceed in forma pauperis.

    2. This action is dismissed without prejudice.  See Fed. R. Civ. P. 41(b).

    3. The motion for hearing (ECF No. 3) is denied.

    4. The court declines to issue a certificate of appealability under 28 U.S.C. § 2253(c)(3).

Dated:  June 23, 2015

KENDALL J. NEWMAN  
UNITED STATES MAGISTRATE JUDGE

/edwa1234.156